DJW/byk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIAMI TRIBE OF OKLAHOMA,

                               Plaintiff,                            Civil Action

v.                                                  Case No. 03-2220-DJW

UNITED STATES OF AMERICA;
GAIL A NORTON, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR; and AURENE MARTIN,
ASSISTANT SECRETARY OF INTERIOR
BUREAU OF INDIAN AFFAIRS,

                               Defendants.

**MEMORANDUM AND ORDER**

       This matter comes before the Court on Defendants' Motion for Reconsideration (doc. 30). Defendants request that the Court reconsider its Memorandum and Order dated June 22, 2005 (doc. 29) in which it reversed the Bureau of Indian Affairs' denial of James Smith's application to convey one-third of his 3/38 interest in the Maria Christiana Reserve No. 35 to the Miami Tribe of Oklahoma. For the reasons set forth below, Defendants' Motion for Reconsideration is granted in part and denied in part.

**I.**      **Background**

       James E. Smith ("Smith"), a member of the Miami Tribe of Oklahoma ("Miami Tribe"), holds a 3/38 restricted undivided interest in the Maria Christiana allotment, Miami No. 35 ("Miami Reserve"), located in Miami County, Kansas. In 2001, Smith submitted his application to the Bureau of Indian Affairs

("BIA") for approval to gift transfer one-third of his 3/38 undivided interest to Miami Tribe.  The BIA denied Smith's application for gift conveyance.

Miami Tribe commenced the present action in this Court.  Miami Tribe's Complaint asserts three Counts:  Count I of the Complaint seeks judicial review of the BIA's decision under the Administrative Procedures Act ("APA").[1]  Count II alleges that Defendants breached their fiduciary and trust duties to Miami Tribe.  Count III alleges that Defendants have violated substantive and procedural due process and property rights of Miami Tribe.   Early in the case, the parties agreed to bifurcate Count I (APA, Injunctive Relief, and Violation of 25 U.S.C. § 2216) of Plaintiff's Complaint from Counts II (Breaches of Trust) and III (Constitutional Violations) and to proceed first with Count I.[2]

On June 22, 2005, the Court issued its Memorandum and Order reversing the BIA's January 11, 2002 decision that denied Smith's application for approval to gift convey one-third of his interest in Miami Reserve to Miami Tribe and instructed the BIA to forthwith approve Smith's application.  The Court's ruling recognized that Count II and III of Miami Tribe's Complaint remain pending.

On July 7, 2005, Defendants filed their Motion for Reconsideration of the Court's June 22, 2005 Memorandum and Order, requesting that the Court affirm the BIA's denial.  Defendants alternatively argue that the Court should remand the matter to the BIA rather than reversing the BIA's decision with directions to approve Smith's application.

**II.    Applicable Standards**

---

[1] 5 U.S.C. § 702.

[2] *See* Scheduling Order (doc. 6).

As the Court's June 22, 2005 Memorandum and Order did not adjudicate all the claims in the case, Defendants filed their Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b). Under Rule 54(b), a court may reconsider any order not certified for appeal when the order in question did not resolve all the claims of all the parties in the action.[3] Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties."[4]

Although the standard applicable to ruling on a motion to reconsider an interlocutory, dispositive order under Rule 54(b) is not clear, courts in this district use the standards set forth for ruling on a Rule 59(e) motion for reconsideration for guidance.[5]

Using the Rule 59(e) standards, the grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.[6] Thus, a motion for reconsideration is appropriate where

---

[3]Fed. R. Civ. P. 54(b).

[4]*Id.*

[5]*See Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) ("courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order"); *Franco v. Unified Sch. Dist. No. 437,* No. 99-4167-DES, 2002 WL 1162488, at *3 (D. Kan. May 17, 2002) (same); *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005) (the grounds justifying an alteration or amendment under Rule 59(e) or reconsideration of an interlocutory order are essentially the same); *Nelson v. Kansas*, No. 99-4184-DES, 2001 WL 1597959, at *4 (D. Kan. Nov. 28, 2001) (same).

[6]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*
(continued...)

the court has misapprehended the facts, a party's position, or the controlling law.[7]  A motion to reconsider

is not appropriate as a second chance for the losing party to ask the court to revisit issues already

addressed or to consider new arguments and supporting facts that could have been presented originally.[8]

Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest

case in the first instance."[9]  A losing party should not use a motion for reconsideration as a vehicle to rehash

arguments previously considered and rejected.[10]  The party seeking reconsideration bears the burden to

demonstrate a change in the law, the availability of new evidence, or that reconsideration is necessary to

prevent manifest injustice.[11]  The decision whether to grant a motion to reconsider is committed to the

court's sound discretion.[12]

## II.    Discussion

Defendants request that the Court reconsider and vacate its June 22, 2005 Memorandum and

Order and replace it with an order that sustains the decision of the agency.  Defendants request that in the

event that the Court determines that the agency failed to consider necessary factors in its decision, the

---

[6](...continued)
*v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[7]*Id.*

[8]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[9]*Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[10]*Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[11]*Sac & Fox Nation of Mo. v. LaFaver*, 993 F. Supp. 1374, 1376 (D. Kan. 1998).

[12]*Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

Court should (1) vacate the Memorandum and Order to the extent that it concludes that the Tribe has jurisdiction over the Property for purposes of the Indian Land Consolidation Act, and (2) vacate its order that the BIA approve Smith's application to convey one-third of his interest in the Property to the Miami Tribe. Defendants request that the Court remand this matter to the agency for reconsideration its decision in light of factors that the Court concludes should have been considered.

Defendants assert three arguments in support of their motion. First, they contend that the Court erred by finding that the tribe has jurisdiction for purposes of the Indian Land Consolidation Act through unilateral actions. Second, they claim that the Court's ruling mistakenly reads 25 C.F.R. §§ 152.23 and 152.25(d) as requiring the BIA to approve transfers if one of the listed grounds are found. Finally, Defendants argues that if the Court concludes that its ruling was otherwise correct, the appropriate action is to remand the matter to the BIA for further consideration rather than directing that the agency approve Smith's application.

A.      **Miami Tribe's Jurisdiction over Miami Reserve**

Defendants first submit that the Court's Memorandum and Order is based upon a manifest error of law when the Court concluded that Miami Tribe's unilateral actions have created jurisdiction over the property for purposes of 25 U.S.C. § 2216(a) of the Indian Land Consolidation Act ("ILCA"). They argue that the Tenth Circuit has unequivocally found that it is res judicata that Miami Tribe lacks jurisdiction over Miami Reserve and rejected the proposition that Miami Tribe's subsequent actions could restore jurisdiction.

Prior to the Court's June 22, 2005 Memorandum and Order, the Court requested additional briefing on several issues previously not discussed by the parties, including the issue of whether Smith's

application should be governed by 25 U.S.C. § 2216(b)(1).[13]  In Defendants' First Supplemental Brief,[14]

they argued that 25 U.S.C. § 2216(b)(1) of the ILCA was not applicable to Smith's application because

Miami Tribe did not exercise jurisdiction over any portion of Miami Reserve.  Defendants raise this same

argument in their Motion for Reconsideration.  The Court considered these arguments in its original ruling

and concluded that the Tenth Circuit's holding that Miami Tribe's did not "exercise governmental power"

over Miami Reserve under the Indian Gaming Regulation Act did not preclude Miami Tribe from qualifying

as a "tribal government that exercises jurisdiction over the land" under the ILCA.  The Court's limited

holding for purposes of applying the land consolidation policies contained in 25 U.S.C. § 2216(a) held that

Miami Tribe's actions were sufficient to establish that Miami Tribe exercises jurisdiction over Miami

Reserve.  The pertinent portion of the Court's Memorandum and Order states:

> While the Court agrees that the Tenth Circuit has settled the issue of whether Miami Tribe
> exercises jurisdiction over Miami Reserve under the Indian Gaming Regulatory Act, the
> Court is not convinced that the Tenth Circuit's decision answers the question whether
> Miami Tribe would qualify as a "tribal government that exercises jurisdiction over the land"
> under the ILCA.  The Court does not interpret 25 U.S.C. § 2216(a)'s use of the phrase
> "tribal government that exercises jurisdiction over the land" to require an actual
> Congressional grant of jurisdiction over Miami Reserve to Miami Tribe.  Miami Tribe's
> undisputed, claimed current actions and activities with regard to Miami Reserve reflect
> those of a tribe that exercises jurisdiction over Miami Reserve.  It patrols and protects the
> lands, takes care of any burning needed, passes laws governing use of the lands, leases the
> lands, issues permits for individuals to use the lands, and uses the land for religious
> ceremonies.  These actions are sufficient to establish that Miami Tribe exercises jurisdiction
> over Miami Reserve for purposes of applying the land consolidation policies contained in
> 25 U.S.C. § 2216(a).[15]

---

[13]*See* doc. 23.

[14]*See* doc. 27.

[15]Doc. 29.

The Court determines that Defendants have not met their burden of demonstrating any of the grounds that would warrant reconsideration of the Court's June 22, 2005 Memorandum and Order. Defendants arguments merely rehash in greater detail the same arguments previously considered and rejected by the Court.[16]  As such, the Court declines to reconsider this issue.

### B.      25 C.F.R. §§ 152.23 and 152.25(d)

Defendants next argue that the Court's ruling mistakenly reads 25 C.F.R. §§ 152.23 and 152.25(d) as if they state that the Department of the Interior "shall" approve a transfer if there is a special relationship between Smith and the Miami Tribe.  Defendants argue that the Court's decision effectively removes the agency's discretion and requires transfer if the agency finds a special relationship exists between the would-be donor and the would-be transferee tribe.

The pertinent portion of the Court's June 22, 2005 Memorandum and Order is set forth below:

> In this case, the BIA expressly found that a special relationship exists between grantor Smith and grantee Miami Tribe as Smith is a member of Miami Tribe.  Notwithstanding this determination, the BIA required Smith to show "special circumstances" justifying the gift transfer.  The regulation, however, uses the disjunctive "or."  Thus, under the plain language of the regulation, Smith need only meet one of the three listed conditions.  The BIA found that a special relationship exists between Smith and Miami Tribe.  That finding, by itself, is sufficient under 25 C.F.R. § 152.25(d) to allow Smith to give his interest to Miami Tribe.[17]

---

[16]*See Resolution Trust Corp. v. Greif*, 906 F. Supp. 1446, 1456-57 (D. Kan. 1995) (noting a motion to reconsider is not a mechanism to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court).

[17]Doc. 29.

Contrary to Defendants' claim, the Court's Memorandum and Order does not state that the agency is required to approve a request if one of the three listed conditions in 25 C.F.R. § 152.25(d)[18] is met. Instead, the Court held that the BIA's finding that a "special relationship" exists between Smith and Miami Tribe was sufficient by itself under 25 C.F.R. § 152.25(d) for the agency to *allow* Smith to give his interest to Miami Tribe. The Court found the BIA's determination that Smith must show "special circumstances" *and* a "special relationship between the grantor and grantee" under 25 C.F.R. § 152.25(d) was not supported by the regulation's usage of the disjunctive "or."

Defendants' request for reconsideration on this issue is therefore denied.

## C.    Defendants' Alternative Request for Remand

Defendants alternatively request that if the Court concludes that its Memorandum and Order was otherwise correct, that the Court should remand the case to the agency for further review. They contend that before the Court grants the extraordinary remedy of remanding with an instruction to grant the approval of Smith's transfer, the Court should be sure that the agency has actually considered all applicable factors preliminary to an acquisition in trust and complied with all applicable procedures, including those governing acquisitions as outlined in 25 C.F.R. Part 151. Otherwise, in its attempt to correct certain perceived

---

[18]25 C.F.R. § 152.25(d) addresses conveyances of trust or restricted land for less than the appraised fair market value or no consideration. It provides:

> With the approval of the Secretary, Indian owners may convey trust or restricted land, for less than the appraised fair market value or for no consideration when the prospective grantee is the owner's spouse, brother, sister, lineal ancestor of Indian blood or lineal descendant, or when some other special relationship exists between the grantor and grantee or special circumstances exist that in the opinion of the Secretary warrant the approval of the conveyance.

failures, the Court itself would inadvertently be mandating that the agency act without having been permitted to consider all potentially applicable factors and without having been given the opportunity to comply with any procedures that may be applicable.

Plaintiff argues that Defendants' request for "remand for further review" is pointless. Under the circumstances and findings in the record, further review is unwarranted because there is no reasonable or justifiable basis for not approving the gift transfer.

This Court has statutory authority to reverse a wrongful determination and compel agency action wrongfully withheld under the Administrative Procedures Act ("APA"). 5 U.S.C. § 706 provides, in pertinent part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall–
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> > (B) contrary to constitutional right, power, privilege, or immunity;
> > (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> > (D) without observance of procedure required by law.[19]

Notwithstanding the APA's express grant of authority for a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed,"[20] the Supreme Court has set forth the general principle that a reviewing court should remand a case to an agency for decision of a matter that statutes place

_____

[19] 5 U.S.C. § 706.

[20] *Id.*

primarily in agency hands.[21]  Thus, if the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.[22]

The Tenth Circuit has likewise held that if an agency decides the case on a ground believed by an appellate court to be wrong, the case has to be remanded to the agency.[23]  A remand rather than court consideration of the merits of appellant's case is the general procedure absent special circumstances or questions of law which are determinative of the appellant's claims.[24]

While in most cases where a litigant successfully challenges an agency's action the appropriate remedy is to remand the proceeding for agency action not inconsistent with the decision of the reviewing court, there are limitations to this rule.[25]  When administrative misuse of procedure has delayed relief, courts have the equitable power to order relief tailored to the situation, not mere remand for agency use of its discretion.[26]  The import of these cases is that when agency delays or violations of procedural requirements are so extreme that the court has no confidence in the agency's ability to decide the matter expeditiously

---

[21]*I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

[22]*Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

[23]*Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

[24]*Wilder v. Prokop,* 846 F.2d 613, 621 (10th Cir. 1988) (citing *Shubinsky v. United States*, 488 F.2d 1003, 1007 (Ct. Cl. 1973)).

[25]*Greene v. Babbitt*, 943 F. Supp. 1278, 1287 (W.D. Wash. 1996).

[26]*Benten v. Kessler*, 799 F. Supp. 281, 291 (E.D.N.Y. 1992) (citing *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939)).

and fairly, it is not obligated to remand.[27]  Rather than subjecting the party challenging the agency action to further abuse, it may put an end to the matter by using its equitable powers to fashion an appropriate remedy.[28]

In its June 22, 2005 Memorandum and Order, the Court found that the BIA's first articulated justification, that Indian landowners receive at least fair market value for their property interest unless special circumstances warrant otherwise, is inconsistent with 25 C.F.R. § 152.25(d), as well as 25 U.S.C. 2216(b).  The Court further found that the BIA's second articulated reason, reduction of further fractionation of Miami Reserve, failed to consider the proposed transfer's long-range impact on further fractionation of Miami Reserve.  Because the BIA's first reason for its decision was not in accordance with the law and its second reason failed to consider an important aspect of a factor which it relied in making its decision, the Court held that the BIA's decision denying Smith's application to convey a portion of his undivided interest in Miami Reserve was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

As pointed out by Defendants, the Court found that the BIA's second articulated reason for its decision failed to consider the long-term impact of further fractionation upon Miami Reserve.  Remanding the case would permit the BIA to consider this aspect of further fractionation.  Although the Court has concerns whether the BIA can fairly consider and decide Smith's application in light of the parties' past litigation history, the Court determines that these concerns are not sufficient to order that the BIA approve Smith's application to transfer his interest in Miami Reserve to Miami Tribe.  The Court will therefore grant

---

[27]*Greene*, 943 F. Supp. at 1288.

[28]*Id.*

-11-

Defendants' Motion for Reconsideration as to the portion of the Court's Memorandum and Order that directs the BIA to forthwith approve Smith's application to transfer one-third of his 3/38 interest in Miami Reserve to Miami Tribe.

Based upon Supreme Court precedent that a reviewing court should remand a case to an agency for a matter that statutes place primarily in agency hands, the Court determines that this case should be remanded back to the BIA for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Reconsideration (doc. 30) is granted in part and denied in part. Upon reconsideration, the Court reverses the BIA's January 11, 2002 decision denying Smith's application for approval to gift convey one-third of his interest in Miami Reserve to Miami Tribe but remands the case back to the agency for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order.

**IT IS SO ORDERED**.

Dated at Kansas City, Kansas on this 23rd day of November, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel

-12-