DJW/byk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIAMI TRIBE OF OKLAHOMA,

                      Plaintiff,                      Civil Action

v.                                            Case No. 03-2220-DJW

UNITED STATES OF AMERICA;
GAIL A NORTON, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR; and AURENE MARTIN,
ASSISTANT SECRETARY OF INTERIOR
BUREAU OF INDIAN AFFAIRS,

                      Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the following motions: Plaintiff Miami Tribe's Motion to Modify Order (doc. 39), Miami Tribe's Motion for Leave to File Amended Complaint (doc. 41), Miami Tribe's Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42), Defendants' Motion to Dismiss Count II and Count III (doc. 51), and Defendants' Motion to Stay (doc. 54). For the reasons discussed below, Counts II and III of Miami Tribe's Complaint are hereby stayed pending administrative agency disposition of the remand proceedings previously ordered on Count I.

**I.    Background**

James E. Smith ("Smith"), a member of the Miami Tribe of Oklahoma ("Miami Tribe"), holds a 3/38 restricted undivided interest in the Maria Christiana allotment, Miami No. 35 ("Miami Reserve"),

located in Miami County, Kansas. In 2001, Smith submitted his application to the Bureau of Indian Affairs ("BIA") for approval to gift transfer one-third of his 3/38 undivided interest to Miami Tribe. The BIA denied Smith's application for gift conveyance.

Miami Tribe commenced the present action in this Court. Miami Tribe's Complaint asserts three Counts: Count I of the Complaint seeks judicial review of the BIA's decision under the Administrative Procedures Act ("APA").[1] Count II alleges that Defendants breached their fiduciary and trust duties to Miami Tribe. Count III alleges that Defendants have violated substantive and procedural due process and property rights of Miami Tribe. Early in the case, the parties agreed to bifurcate Count I (APA, Injunctive Relief, and Violation of 25 U.S.C. § 2216) of the Complaint from Counts II (Breaches of Trust) and III (Constitutional Violations) and to proceed first with Count I.[2]

On June 22, 2005, the Court issued its Memorandum and Order reversing the BIA's January 11, 2002 decision that denied Smith's application for approval to gift convey one-third of his interest in Miami Reserve to Miami Tribe and instructed the BIA to forthwith approve Smith's application. The Court's ruling recognized that Count II and III of Miami Tribe's Complaint remain pending.

On July 7, 2005, Defendants filed their Motion for Reconsideration of the Court's June 22, 2005 Memorandum and Order, requesting that the Court reconsider its decision and affirm the BIA's denial of Smith's application. On November 23, 2005, the Court granted Defendants' Motion for Reconsideration as to the portion of the Court's Memorandum and Order that directed the BIA to forthwith approve Smith's application to transfer one-third of his 3/38 interest in Miami Reserve to Miami Tribe. Upon

---

[1]5 U.S.C. § 702.

[2]*See* Scheduling Order (doc. 6).

reconsideration, the Court remanded the case back to the BIA for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order.

Defendants appealed the Court's November 23, 2005 Memorandum and Order to the Tenth Circuit Court of Appeals. On May 17, 2006, the Court received notice that Defendants had voluntarily dismissed their appeal.

## II. Pending Motions

After the Court granted Defendant's Motion for Reconsideration and remanded the case back to the BIA for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order, the Court held a telephone status conference and the parties were directed to "file any motion they deem appropriate to request legal rulings from the Court within 20 days." Plaintiff Miami Tribe thereafter filed its Motion to Modify Order (doc. 39), Motion for Leave to File Amended Complaint (doc. 41), and Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42). Defendants filed their Motion to Dismiss Count II and Count III (doc. 51) and Motion for Stay of Remand (doc. 54).

### A. Plaintiff Miami Tribe's Motion to Modify Order (doc. 39) and Defendants' Motion for Stay of Remand (doc. 54)

Miami Tribe has filed a Motion to Modify Order, in which it requests that the Court set a sixty-day deadline for Defendants to conduct further proceedings with respect to the remanded BIA proceedings to approve or deny Smith's application for transfer. Defendants oppose the motion, urging the Court to deny Miami Tribe's request that the Court compel the agency to act on the remand within any time frame. Defendants ask that the Court instead stay all proceedings on all counts, including the remand of the claim asserted in Count I, pending final resolution of Defendants' motion to dismiss.

The Court will deny both motions. Miami Tribe has not convinced the Court that Defendants' history of slow responsiveness on applications for approval of land transfers is a sufficient reason for the Court to impose a sixty-day deadline for the BIA to complete its review on remand of Smith's application in accordance with the Court's prior rulings. The Court will also deny Defendants' Motion for Stay pending final resolution of Defendants' motion to dismiss. Instead, the Court determines that because Counts II and III are based on Defendants' denial of Smith's application to transfer his interest in Miami Reserve to Miami Tribe, which has been remanded back to the BIA, Counts II and III should be stayed pending the BIA's disposition of the remand proceedings previously ordered on Count I.

Count II of Miami Tribe's Complaint alleges that Defendants breached their fiduciary and trust duties to Miami Tribe by refusing to approve the transfer of Smith's interest to the Miami Tribe pursuant to the Indian Land Consolidation Act, and refusing to timely consider and act on Smith's appeal of the denial of his request for transfer. Count III alleges that Defendants have violated substantive and procedural due process and property rights of Miami Tribe. Miami Tribe alleges that Smith has a right to dispose of his interest in the Miami Reserve as he desires. It further alleges that it has an inherent and Constitutional right to receive interests in real property. Count III further alleges that Miami Tribe and Smith have a right to a timely hearing, appeal, and disposition of the BIA's denial of Smith's transfer. They argue that Defendants have violated substantive and procedural due process and property rights of the Miami Tribe, which rights are guaranteed by the United States Constitution. These violations include the arbitrary and capricious actions of the Defendants related to the denial of Smith's requested transfer of one-third of his interest in Miami Reserve to the Department of the Interior in trust for the benefit of the

Miami Tribe, for failing to timely act on Smith's appeal to the Interior Board of Indian Appeals, and for the taking of his interest in part of Miami Reserve.

In both Counts II and III, the underlying conduct which gives rise to the causes of action is the BIA's refusal to approve Smith's application to transfer a portion of his interest in Miami Reserve to Miami Tribe. This refusal has been found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law by this Court and the matter remanded back to the BIA for further proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3]

The Court concludes that because the underlying conduct which gives rise to Counts II and III is the BIA's refusal to approve Smith's application, and that decision has been remanded back to the BIA for further proceedings, Counts II and III should be stayed pending the BIA's disposition of the remand proceedings. Furthermore, a stay of Counts II and III for breaches of trust and constitutional violations pending the BIA's disposition of the remand will simplify the issues before this Court and promote judicial economy. If the BIA ultimately decides to approve the transfer, this decision may impact whether Miami Tribe can obtain relief under Counts II and III.

**B.     Miami Tribe's Motion for Leave to File Amended Complaint (doc. 41) and Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42) and Defendants' Motion to Dismiss Count II and Count III (doc. 51)**

---

[3]*Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

Miami Tribe, for failing to timely act on Smith's appeal to the Interior Board of Indian Appeals, and for the taking of his interest in part of Miami Reserve.

In both Counts II and III, the underlying conduct which gives rise to the causes of action is the BIA's refusal to approve Smith's application to transfer a portion of his interest in Miami Reserve to Miami Tribe. This refusal has been found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law by this Court and the matter remanded back to the BIA for further proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3]

The Court concludes that because the underlying conduct which gives rise to Counts II and III is the BIA's refusal to approve Smith's application, and that decision has been remanded back to the BIA for further proceedings, Counts II and III should be stayed pending the BIA's disposition of the remand proceedings. Furthermore, a stay of Counts II and III for breaches of trust and constitutional violations pending the BIA's disposition of the remand will simplify the issues before this Court and promote judicial economy. If the BIA ultimately decides to approve the transfer, this decision may impact whether Miami Tribe can obtain relief under Counts II and III.

**B.     Miami Tribe's Motion for Leave to File Amended Complaint (doc. 41) and Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42) and Defendants' Motion to Dismiss Count II and Count III (doc. 51)**

---

[3]*Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

Miami Tribe, for failing to timely act on Smith's appeal to the Interior Board of Indian Appeals, and for the taking of his interest in part of Miami Reserve.

In both Counts II and III, the underlying conduct which gives rise to the causes of action is the BIA's refusal to approve Smith's application to transfer a portion of his interest in Miami Reserve to Miami Tribe. This refusal has been found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law by this Court and the matter remanded back to the BIA for further proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[3]

The Court concludes that because the underlying conduct which gives rise to Counts II and III is the BIA's refusal to approve Smith's application, and that decision has been remanded back to the BIA for further proceedings, Counts II and III should be stayed pending the BIA's disposition of the remand proceedings. Furthermore, a stay of Counts II and III for breaches of trust and constitutional violations pending the BIA's disposition of the remand will simplify the issues before this Court and promote judicial economy. If the BIA ultimately decides to approve the transfer, this decision may impact whether Miami Tribe can obtain relief under Counts II and III.

**B.     Miami Tribe's Motion for Leave to File Amended Complaint (doc. 41) and Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42) and Defendants' Motion to Dismiss Count II and Count III (doc. 51)**

---

[3]*Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

As the Court has determined that Counts II and III should be stayed pending the BIA's disposition of the remand proceedings, Miami Tribe's Motion for Leave to File Amended Complaint (doc. 41) and Motion to Allow Discovery and Stay Litigation Pending Response to Remand (doc. 42) are deemed to be moot. Defendants' Motion to Dismiss Count II and Count III (doc. 51) is denied without prejudice to refiling after the stay is lifted.

**IT IS THEREFORE ORDERED THAT** Counts II and III are hereby stayed pending the BIA's final decision on the remand proceedings previously ordered on Count I. The parties are directed to file status reports with the Court at 120 day intervals advising the Court of the status of the BIA's remand proceedings.

**IT IS FURTHER ORDERED THAT** Miami Tribe's Motion to Modify Order (doc. 39) and Defendants' Motion for Stay of Remand (doc. 54) are denied as set forth herein.

**IT IS FURTHER ORDERED THAT** Miami Tribe's Motion for Leave of Court to File Amended Complaint (doc. 41) and Motion to Allow Discovery and Stay Litigation Pending Respond to Remand (doc. 42) are deemed to be moot.

**IT IS FURTHER ORDERED THAT** Defendants' Motion to Dismiss Count II and Count III (doc. 51) is denied without prejudice to refiling after the stay is lifted.

**IT IS SO ORDERED**.

Dated at Kansas City, Kansas on this 22nd day of May, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel