DJW/byk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIAMI TRIBE OF OKLAHOMA,

Plaintiff,

Civil Action

v.

Case No. 03-2220-DJW

UNITED STATES OF AMERICA;
GAIL A NORTON, SECRETARY,
UNITED STATES DEPARTMENT OF
THE INTERIOR; and AURENE MARTIN,
ASSISTANT SECRETARY OF INTERIOR
BUREAU OF INDIAN AFFAIRS,

Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Rule 54(b) Judgment on Count I (doc. 74). Defendants request that the Court direct the entry of final judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to its November 23, 2005 Memorandum and Order on Count I. In that ruling, the Court remanded the Bureau of Indian Affairs' decision denying a tribe member's application to give one-third of his restricted land interest to his tribe. Plaintiff opposes the motion arguing that an administrative agency remand is not a final decision, and that the request is untimely. For the reasons discussed below, the motion is denied.

**I. Procedural Background**

James E. Smith ("Smith"), a member of the Miami Tribe of Oklahoma ("Miami Tribe"), holds a 3/38 restricted undivided interest in the Maria Christiana allotment, Miami No. 35 ("Miami Reserve"), located in Miami County, Kansas. In 2001, Smith submitted his application to the

Bureau of Indian Affairs ("BIA") for approval to gift transfer one-third of his 3/38 undivided interest to Miami Tribe. The BIA denied Smith's application for gift conveyance.

Miami Tribe commenced the present action in this Court. Miami Tribe's Complaint asserts three Counts: Count I of the Complaint seeks judicial review of the BIA's decision under the Administrative Procedures Act ("APA").[1] Count II alleges that Defendants breached their fiduciary and trust duties to Miami Tribe. Count III alleges that Defendants have violated substantive and procedural due process and property rights of Miami Tribe. Early in the case, the parties agreed to bifurcate Count I (APA, Injunctive Relief, and Violation of 25 U.S.C. § 2216) of the Complaint from Counts II (Breaches of Trust) and III (Constitutional Violations) and to proceed first with Count I.[2]

On June 22, 2005, the Court issued its Memorandum and Order reversing the BIA's January 11, 2002 decision that denied Smith's application for approval to gift convey one-third of his interest in Miami Reserve to Miami Tribe and instructed the BIA to forthwith approve Smith's application. The Court's ruling recognized that Counts II and III of Miami Tribe's Complaint remain pending.

On July 7, 2005, Defendants filed their Motion for Reconsideration of the Court's June 22, 2005 Memorandum and Order, requesting that the Court reconsider its decision and affirm the BIA's denial of Smith's application. Defendants alternatively requested the Court remand the matter to the BIA rather than reversing the BIA's decision with directions to approve Smith's application. On November 23, 2005, the Court granted Defendants' Motion for Reconsideration as to the portion of the Court's Memorandum and Order that directed the BIA to forthwith approve Smith's application to transfer one-third of his 3/38 interest in Miami Reserve to Miami Tribe. Upon reconsideration,

---

[1] 5 U.S.C. § 702.

[2] *See* Scheduling Order (doc. 6).

the Court remanded the case back to the BIA for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order. Specifically, the Court remanded the matter for the BIA to consider the proposed transfer's long-term impact on further fractionation upon Miami Reserve.

Defendants appealed the Court's November 23, 2005 Memorandum and Order to the Tenth Circuit Court of Appeals. On May 17, 2006, the Court received notice that Defendants had voluntarily dismissed their appeal.

On May 22, 2006, the Court entered a Memorandum and Order staying Counts II and III pending administrative agency disposition of the remand proceedings previously ordered on Count I. It further order the parties to file status reports with the Court at 120-day intervals advising the Court of the status of the BIA's remand proceedings.

On September 12, 2006, Defendants filed their Motion for Rule 54(b) Judgment on Count I (doc. 74), which is presently pending before the Court.

## II. Applicable Rule

Federal Rule of Civil Procedure 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[3] Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits.[4] The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate

---

[3]Fed. R. Civ. P. 54(b).

[4]*Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005)

appeal available.[5] Rule 54(b) "preserves the historic federal policy against piecemeal appeals," and attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.[6]

Rule 54(b) entries are not to be made routinely.[7] As stated by the Tenth Circuit, an entry of final judgment on fewer than all claims under Rule 54(b) is appropriate only when the district court "adheres strictly to the rule's requirement that a court make two express determinations."[8] First, the court must determine that its judgment is final.[9] Second, the court must make a determination that there is no just reason for delay of entry of judgment.[10]

## III. Discussion and Analysis

Because Plaintiff's Complaint asserts three Counts and the Court has only resolved one of those Counts and has stayed the remaining two Counts pending the outcome of agency remand on Court I, Defendants filed their instant motion pursuant to Rule 54(b). Under that rule, an entry of final judgment on one claim of a multiple-claim action is only appropriate if the Court determines

---

[5]*Oklahoma Turnpike Auth. v. Bruner*, 249 F.3d 1236, 1241 (10th Cir. 2001).

[6]*Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

[7]*Id.; see also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980) ("sound judicial administration does not require that Rule 54(b) requests be granted routinely").

[8]*Id.* at 1242.

[9]*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss-Wright Corp.*, 446 U.S. at 7).

[10]*Curtiss-Wright Corp.*, 446 U.S. at 7 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

that: (1) final judgment has been entered on at least one claim and (2) there is no just reason for delay.[11]

In analyzing a Rule 54(b) motion, a district court must first determine whether the claim is a final judgment.[12] To be final for purposes of Rule 54(b), the court's disposition of the claim must have been a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[13] The controlling jurisdictional question is whether the resolved claim is "distinct and separable from the claims left unresolved."[14]

Defendants argue in support of their motion that the Court has in essence already articulated sufficient reasons to justify the entry of a Rule 54(b) judgment on Count I by concluding that any perceived harm in piecemeal litigation is outweighed by permitting Count I to be resolved on the merits first. They point to the Court's reasoning for resolving Count I first and in staying proceedings on the remaining counts: (1) simplification of the issues before the Court, and (2) promoting judicial economy. They argue that these same factors warrant entry of a Rule 54(b) judgment on Count I.

In this case, the Court's disposition of Court I remanded the matter back to the BIA for further proceedings for the BIA to consider the proposed transfer's long-term impact on further fractionation upon Miami Reserve. The remaining two Counts alleges that Defendants breached

---

[11]*Stockman's Water*, 425 F.3d at 1265.

[12]*Curtiss-Wright Corp.*, 446 U.S. at 7.

[13]*Curtiss-Wright Corp.*, 446 U.S. at 7 (1980) (quoting *Sears, Roebuck & Co.,* 351 U.S. at 436).

[14]*Jordan,* 425 F.3d at 826 (quoting *Okla. Turnpike*, 259 F.3d at 1241).

their fiduciary and trust duties to Miami Tribe, and that Defendants violated substantive and procedural due process and property rights of Miami Tribe. After remanding the BIA's decision back to the agency for further proceedings, the Court stayed Counts II and III pending administrative agency disposition of the remand proceedings. The Court based its stay of Counts II and III upon its finding that the underlying conduct giving rise to those claims was the BIA's refusal to approve Smith's application to transfer a portion of his interest in Miami Reserve to Miami Tribe. The Court found that a stay of Counts II and III for breach of trust and constitutional violations pending the BIA's disposition of the remand would simplify the issues before this Court and promote judicial economy. If the BIA ultimately decides to approve the transfer, this decision may impact whether Miami Tribe can obtain relief under Counts II and III.

The Court finds that its decision remanding the matter back to the BIA on Count I was not an ultimate disposition of an individual claim entered in the course of a multiple claims action. Instead, the remand order fully contemplates further proceedings once the BIA issues its decision upon remand. The Court further finds that its decision remanding the BIA's decision for further proceedings is not distinct and separable from the claims left unresolved. Rather the Court found that Counts II and III are premised on BIA's refusal to approve Smith's application. Thus, decision on remand will likely impact the future determination of those claims.

The Court also notes that denying Defendants' motion comports with the general rule that remand by a district court to an administrative agency for further proceedings is ordinarily not appealable because it is not a final decision under 28 U.S.C. § 1291.[15] While recognizing that

---

[15] *Bender v. Clark*, 744 F.2d 1424, 1426-27 (10th Cir. 1984).

exceptions to the administrative agency remand rule exist,[16] the Court finds that Defendants have not shown that the Court's remand decision involves a serious and unsettled question or that they are effectively foreclosed from future appellate review of the issue at later stages in the proceeding.

Finally, the Court notes that Defendants filed their Rule 54(b) motion on September 12, 2006, over ten months after the Court's decision remanding the BIA's denial of the proposed transfer back to the agency for further proceedings, for which they now seek a final judgment. Plaintiff cites *Schaefer v. First National Bank of Lincolnwood*,[17] and *C&F Packing Co., Inc. v. IBP, Inc.*[18] in support of its contention that other courts has denied requests for Rule 54(b) certification more than thirty days after the applicable order as untimely. These cases rationalize that allowing motions for entry of judgment without any time limitation has the potential for inherent abuse and would be in effect condoning such delay.

Defendants argue that the Court should reject Plaintiff's contention because none of the authority cited by Plaintiff is binding upon the Court. They further argue that *Schaefer* may no longer be good law even in the Seventh Circuit.

---

[16]*See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ( 28 U.S.C. § 1291 also permits appeals under the collateral order doctrine from a small category of decisions that, although they do not end the litigation, must nonetheless be considered 'final'); *Bender v. Clark*, 744 F.2d 1424, 1426-27 (10th Cir. 1984) (exception to the administrative-remand rule applied when it determined the case involved a serious and unsettled question regarding federal oil and gas leasing and was urgent because refusal to assert jurisdiction might have foreclosed future appellate review of the issue at later stages in the proceeding); *Cotton Petroleum Corp. v. United States Department of the Interior*,870 F.2d 1515, 1522 (10th Cir. 1989) (exception to administrative remand rule applied where, in a practical sense, justice may require immediate review of issues of such importance that any delay in review by this court would likely result in further disputes and litigation, confusion and danger of injustice).

[17]465 F.2d 234, 236 (7th Cir. 1972).

[18]No. 93 C 1601, 1994 WL 484630, *1 (N.D. Ill. Sept. 2, 1994).

While Rule 54(b) does not provide a deadline or time by which a party may seek an entry of final judgment, this Court agrees with Plaintiff that Defendants' Motion for Rule 54(b) Judgment, filed ten months after the entry of the adjudication to which it relates, is too long of a delay and further justifies denial of the motion.

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Rule 54(b) Judgment on Count I (doc. 74) is denied.

**IT IS SO ORDERED**.

Dated at Kansas City, Kansas on this _29th___ day of December, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel