IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIAMI TRIBE OF OKLAHOMA,

                Plaintiff,                     Civil Action

v.                                            Case No. 03-2220-DJW

UNITED STATES OF AMERICA,
et al,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Miami Tribe's Motion for Remand of Defendants' Response to Count I (doc. 98) and Defendants' Motion for Order Establishing Case Resolution Procedure (doc. 100). Miami Tribe requests in its motion that the Court remand Defendants' October 23, 2007 decision, issued by Defendants pursuant to the Court's previous remand on Defendants' decision denying James Smith's application to gift convey one-third of his 3/38 interest in the Maria Christiana Reserve No. 35 to the Miami Tribe of Oklahoma. Defendants have filed their motion asking the Court to issue an order directing Miami Tribe to exhaust the administrative appeal procedures with regard to the October 23, 2007 decision before seeking review of that post-remand decision. As explained below, Plaintiff Miami Tribe's Motion for Remand is denied and Defendants' Motion for Order Establishing Case Management Resolution Procedure is granted in part and denied in part.

I.    **Background**[1]

James E. Smith ("Smith"), a member of the Miami Tribe of Oklahoma ("Miami Tribe"),

holds a 3/38 restricted undivided interest in the Maria Christiana allotment, Miami No. 35 ("Miami

Reserve"), located in Miami County, Kansas.  In 2001, Smith submitted his application to the BIA

for approval to gift transfer one-third of his 3/38 undivided interest to Miami Tribe.  The Bureau of

Indian Affairs ("BIA") denied Smith's application for gift conveyance on January 10, 2002.

On May 5, 2003, Miami Tribe commenced the present action in this Court.  Miami Tribe's

Complaint asserts three Counts:  Count I of the Complaint seeks judicial review of the BIA's

decision under the Administrative Procedures Act ("APA").[2]  Count II alleges that Defendants

breached their fiduciary and trust duties to Miami Tribe.  Count III alleges that Defendants have

violated substantive and procedural due process and property rights of Miami Tribe.  Early in the

case, the parties agreed to bifurcate Count I (APA, Injunctive Relief, and Violation of 25 U.S.C. §

2216) of Plaintiff's Complaint from Counts II (Breaches of Trust) and III (Constitutional Violations)

and to proceed first with Count I.[3]

On June 22, 2005, the Court issued its Memorandum and Order reversing the BIA's January

11, 2002 decision that denied Smith's application for approval to gift convey one-third of his interest

in Miami Reserve to Miami Tribe and instructed the BIA to forthwith approve Smith's application.

On July 7, 2005, Defendants filed their Motion for Reconsideration of the Court's June 22,

---

[1]See the Court's previous rulings on June 22, 2005(doc. 29), and November 23, 2005 (doc. 37) for more detailed background and historical information.

[2]5 U.S.C. § 702.

[3]*See* Scheduling Order (doc. 6).

2005 Memorandum and Order, requesting that the Court reconsider its decision and affirm the BIA's denial of Smith's application. Defendants alternatively requested the Court remand the matter to the BIA rather than reversing the BIA's decision with directions to approve Smith's application. On November 23, 2005, the Court granted Defendants' Motion for Reconsideration as to the portion of the Court's Memorandum and Order that directed the BIA to forthwith approve Smith's application to transfer one-third of his 3/38 interest in Miami Reserve to Miami Tribe. Upon reconsideration, the Court remanded the case back to the BIA for further proceedings consistent with the Court's June 22, 2005 Memorandum and Order. Specifically, the Court remanded the matter for the BIA to consider the proposed transfer's long-term impact on further fractionation upon Miami Reserve.

On May 22, 2006, the Court entered a Memorandum and Order staying Counts II and III pending administrative agency disposition of the remand proceedings previously ordered on Count I. It further ordered the parties to file status reports with the Court at 120-day intervals advising the Court of the status of the BIA's remand proceedings.

In October 2007, the parties filed their Status Reports advising the Court that the BIA had issued a decision dated October 23, 2007, which notified Mr. Smith that his application for gift deed was approved. The letter further provided:

> Your letter dated April 23, 2007, provided clarification that you wish to transfer 1/3 or your undivided interest to the Tribe with the interest to the Tribe to remain in "trust status." Therefore, the proposed gift conveyance will be processed as a two-part transaction consisting of a disposal by your and an acquisition by the Tribe in trust status. The disposal portion is considered in accordance with 25 CFR 152.17 and the acquisition portion will be processed in accordance with 25 CFR 151 upon the receipt of an application for a trust acquisition from the Tribe. In this regard, by copy of this letter, the Tribe is advised of the Bureau's findings that consideration will be given to the acquisition upon receipt of the application from the Tribe.

In its Status Report, Miami Tribe advised the Court that it objected to the portion of the BIA's October 23, 2007 decision that changed the "trust status" of the interest sought to be transferred by

Mr. Smith to Miami Tribe.  It requested remand of the BIA's October 23, 2007 Determination Letter "to conclude that the Miami Reserve Indian Land, particularly that interest transferred by Smith to the Miami Tribe, unequivocally remains held in trust by the United States of America for the benefit of the Miami Tribe of Oklahoma consistent with the May 3, 1989 Court Order."[4]

The Court held status conferences on December 17, 2007 and January 24, 2008 regarding the parties' dispute as to the status of the interest in Miami Reserve to be transferred by Mr. Smith to Miami Tribe, as set forth in the Bureau of Indian Affair's October 23, 2007 letter to Mr. Smith. The Court set a deadline for the parties to file motions if they were not able to resolve their dispute by agreement.  Miami Tribe thereafter filed its Motion for Remand of Defendants' Response to Count I (doc. 98) and Defendants filed their Motion for Order Establishing Case Resolution Procedure (doc. 100).

After the parties filed their motions, the Regional Director of the BIA issued a notice of administrative appeal rights on February 6, 2008.  Mr. Smith filed a notice of administrative appeal to the Interior Board of Indian Appeals on February 14, 2008.  The Interior Board of Indian Appeals ("IBIA") thereafter issued a Pre-Docketing Notice on February 21, 2008.

## II.    Summary of the parties' positions

In its Motion for Remand of Defendants' Response to Count I, Miami Tribe requests that the Court remand the BIA's October 23, 2007 decision and mandate that Defendants recognize the trust status of Miami Reserve as set forth in Judge O'Connor's partition order entered in *Midwest Inv. Properties v. DeRome*, No. 86-2487-0 (D. Kan. May 3, 1989).  It further asks that the Court order Defendants to comply with 25 U.S.C. § 2216(d) in processing Mr. Smith's transfer "in trust" to

---

[4]Status Report of Miami Tribe - Oct. 29, 2007 (doc. 93), p. 3.

Miami Tribe.  It argues that the BIA's October 23, 2007 decision is unreasonable, arbitrary, capricious, and an abuse of discretion in that Defendants failed to express any reason why Mr. Smith's interest should not be transferred to the United States to be held in trust for the benefit of the Miami Tribe consistent with the 1989 Order partitioning Miami Reserve and 25 U.S.C. § 2216(d).  Miami Tribe further requests that the Court set a deadline of no more than sixty days for Defendants to approve the transfer in trust for the benefit of the Miami Tribe or otherwise show their determination is supported by reason and not in violation of the law or the 1989 partition order.  It finally requests an award of its attorneys fees pursuant to 28 U.S.C. § 2412(d)(1).

Defendants assert two main arguments in their response to Miami Tribe's motion and in their Motion for Order Establishing Case Resolution Procedure.  First, they argue that the Court should require Miami Tribe to exhaust its administrative remedies on remand before seeking judicial review of the BIA's October 23, 2007 decision.  This would allow the BIA, through the administrative appeal process, to address Miami Tribe's objections to the Regional Director's October 23, 2007 decision and develop a full administrative record.  They ask that the Court stay all further action with regard to Count I until the available administrative appeal procedures have been exhausted.

Second, they argue that, contrary to Miami Tribe's claim that Mr. Smith's interest in the land is held in trust, Mr. Smith's property interest in Miami Reserve to be transferred to Miami Tribe is held only in restricted fee status and is not trust property.  They ask the Court to reject Miami Tribe's request that the Court enter any instruction that would require them to take Miami Reserve in trust.

**III.    Should the Court require exhaustion of administrative remedies of the agency's post-remand decision?**

Defendants request that the Court require Miami Tribe to exhaust the available administrative procedures for review of the BIA's October 23, 2007 and February 6, 2008 Regional Office letters. They argue that the Court should follow the agency's regulations, 25 C.F.R. § 2.6(a) and 43 C.F.R. § 4.314(a), and assure that the remand is administratively exhausted before the Court attempts to review a decision that federal regulations have explicitly deemed non-final agency action and not reviewable under the APA. They further argue that requiring Miami Tribe to exhaust its available remedies will allow the agency with its expertise review and address the objections of Miami Tribe and, to the extent that there may be any errors in the Regional Director's decision, correct such errors. Additionally, if the Court respects the mandated administrative review procedure, it will allow Miami Tribe and the agency to develop a complete administrative record on the issue of whether Mr. Smith's interest in the Miami Reserve is trust property or restricted fee property.

Miami Tribe points out that the BIA's October 23, 2007 decision was issued by the BIA upon remand from this Court. This is not the first time the parties have been through the administrative process. It argues that requiring it to re-circulate through the administrative process after a prior remand from the Court gives Defendants the ability to put in Miami Tribe in an endless administrative loop having to exhaust each agency decision. It claims that the purpose behind administrative exhaustion is to give officials and agencies in the administrative chain an opportunity to consider the issues and claims before submitting the matter to the court. It further claims that purpose has already been satisfied in this case.

Administrative exhaustion of agency action as a prerequisite to judicial review has its grounds in 5 U.S.C. § 704, which applies to all challenges to agency action brought under the APA.[5] It provides that:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.[6]

Applying § 704, the Supreme Court, in *Darby v. Cisneros,* held that, when the APA applies, appeal to "superior agency authority" is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.[7] Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become "final" under § 10(c).[8]   Under *Darby*, exhaustion of administrative remedies is a prerequisite to judicial review only if (1) a statute or regulation explicitly requires an administrative appeal; and (2) there is a stay of the challenged action during the administrative review.[9]

The Court finds that the two relevant federal regulations cited by Defendants, 25 C.F.R. § 2.6(a) and 43 C.F.R. § 4.314(a), require administrative appeal to superior agency authority before

---

[5]*Darby v. Cisneros*, 509 U.S. 137, 154 (1993).

[6]5 U.S.C. § 704.

[7]*Darby,* 509 U.S. at 154.

[8]*Id.*

[9]*Id.*

review.  Under 25 C.F.R. § 2.4(e), the Interior Board of Indian Appeals ("IBIA"), pursuant to the

provisions of 43 C.F.R. Part 4, Subpart D, decides appeals from a decision made by an Area

Director.  Finality of BIA decisions is governed by 25 C.F.R. § 2.6(a), which provides that:

> No decision, which at the time of its rendition is subject to appeal to a superior
> authority in the Department, shall be considered final so as to constitute
> Departmental action subject to judicial review under 5 U.S.C. 704, unless when an
> appeal is filed, the official to whom the appeal is made determines that public safety,
> protection of trust resources, or other public exigency requires that the decision be
> made effective immediately.[10]

Furthermore, the federal regulation applicable to IBIA appeals, 43 C.F.R. § 4.314(a), provides that:

> No decision of an administrative law judge, Indian probate judge, or *BIA official* that
> at the time of its rendition is subject to appeal to the Board, will be considered final
> so as to constitute agency action subject to judicial review under 5 U.S.C. 704, unless
> it has been made effective pending a decision on appeal by order of the Board.[11]

Applying these regulations, the Court finds that the October 23, 2007 decision of the

Regional Director of the BIA is subject to appeal to the IBIA and has not been made effective

pending a decision on appeal.  As such, the decision is not yet a final agency action for purposes of

APA review under 5 U.S.C. § 704.  Although the BIA's decision is made in a remand posture from

the Court, which retains jurisdiction over the remand proceedings, this does not render the

regulations requiring administrative exhaustion of agency decisions inapplicable to the BIA's post-

remand decision.  The Court remanded the BIA's original decision denying Mr. Smith's application

to transfer his interest to Miami Tribe.  The BIA has now issued its decision upon remand approving

Mr. Smith's transfer.   Miami Tribe's objections to the BIA's process for Mr. Smith to dispose his

interest and Miami Tribe to acquire the interest have never been considered or reviewed by the

---

[10]25 C.F.R. § 2.6(a).

[11]43 C.F.R. § 4.314(a) (emphasis added).

IBIA.  It would be premature for the Court to review Miami Tribe's previously unheard objections to the BIA's October 23, 2007 decision without the agency first having the opportunity to consider those objections and to rule on them.  Moreover, allowing administrative exhaustion will further permit the application of agency expertise on this area, the development of a factual record, and provide an opportunity for possible, if unlikely, resolution of the dispute without further involvement by the Court.

As the Court has determined that Miami Tribe must administratively exhaust the BIA's October 23, 2007 decision before seeking review of that decision, the Court need not address Defendants' second argument that the land interest sought to be transferred by Mr. Smith to Miami Tribe is only a restricted fee interest and is not held "in trust."

The Court therefore denies Miami Tribe's Motion for Remand of Defendants' Response to Count I (doc. 98) as premature and grants in part and denies in part Defendants' Motion for Order Establishing Case Resolution Procedure.  Mr. Smith has filed his Notice of Appeal of the BIA's October 23, 2007 and February 6, 2008 decision letters and the IBIA has issued its Pre-Docketing Notice indicating that it has received Mr. Smith's Notice of Appeal.  The administrative appeals procedures thus have already commenced.  To address Miami Tribe's concerns with further delay associated with the agency appeals process, the Court orders that Defendants issue a final decision on Mr. Smith's appeal of the BIA's October 23, 2007 and February 6, 2008 decision letters **within ninety (90) days of the date of this Memorandum and Order**, unless Defendants show good cause why they cannot comply with this deadline.  Defendants' request for additional time to renew their motion for entry of Rule 54(b) judgment on Count I and motion to dismiss counts II and III is denied without prejudice to refiling after Defendants issue a final decision on Mr. Smith's Notice of Appeal of the BIA's October 23, 2007 and February 6, 2008 decision letters.

**IT IS THEREFORE ORDERED THAT** Plaintiff Miami Tribe's Motion for Remand of Defendants' Response to Count I (doc. 98) is denied as premature, as set forth herein.

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Order Establishing Case Resolution Procedure (doc. 100) is granted in part and denied in part.  Defendants shall issue a final decision on Mr. Smith's appeal of the BIA's October 23, 2007 and February 6, 2008 decision letters **within ninety (90) days of the date of this Memorandum and Order**, unless Defendants show good cause why they cannot comply with this deadline.

**IT IS FURTHER ORDERED THAT** Defendants' request for additional time to renew their motion for entry of Rule 54(b) judgment on Count I and motion to dismiss counts II and III is denied without prejudice to refiling after Defendants issue a final decision on Mr. Smith's Notice of Appeal of the BIA's October 23, 2007 and February 6, 2008 decision letters.

**IT IS SO ORDERED**.

Dated at Kansas City, Kansas on this 24th day of July, 2008.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel

-10-