DJW/3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIAMI TRIBE OF OKLAHOMA,

                Plaintiff,                    Civil Action

v.                                      Case No. 03-2220-DJW

UNITED STATES OF AMERICA,
et al,
                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Miami Tribe of Oklahoma's Motion for Summary Judgment on Count II (doc. 103). Plaintiff Miami Tribe of Oklahoma ("Miami Tribe") requests that the Court enter summary judgment in its favor on its breach of trust claim contained in Count II of its Complaint.[1] It contends that, with respect to its breach of trust claim, there are unequivocal breaches of Defendants' duties to "deal fairly" with Miami Tribe by following statutes and Congressional policy, to maintain the trust status of Indian land, to recognize and maintain Miami Tribe's jurisdiction over Miami Reserve, and to reasonably and timely process Indian land transfer applications and comply with the Indian Land Consolidation Act. It seeks equitable relief in the form of a permanent injunction to prevent continuing and future breaches of trust. As set forth below, the motion is denied without prejudice.

One of the first arguments advanced by Defendants in opposition to Miami Tribe's motion for summary judgment is that the equitable relief requested by Miami Tribe has not been previously

---

[1]A chronology of the case can be found in the Court's July 24, 2008 Memorandum and Order (doc. 116).

pled and is therefore not before the Court. They point out that Miami Tribe has never been granted leave by the Court to file an amended complaint, which contains the equitable relief sought in the motion for summary judgment, and, therefore, it would be inappropriate for the Court to grant the relief requested in the motion for summary judgment.

The Court has reviewed the relief sought by Miami Tribe's original Complaint along with the equitable relief requested in Miami Tribe's Motion for Summary Judgment. Based upon this review, the Court finds that the equitable relief sought here is quite different than the relief sought in the original Complaint. In the original Complaint (doc. 1), the prayer for relief in Count II asks the Court to "enter an order of the Court and a writ of mandamus that compels the federal agencies to approve Smith's transfer of one-third of his interest in Miami Reserve No. 35 to the United States Department of Interior in trust for the benefit of the Miami Tribe." However, in its Motion for Summary Judgment on Count II, Miami Tribe asks the Court for the following equitable relief: (1) a permanent injunction against Defendants forever barring them from denying that the Miami Reserve is Indian trust land held by the United States for the benefit of the beneficial owners, including, but not limited to the Miami Tribe of Oklahoma; (2) a permanent injunction forever barring Defendants from denying that the Miami Tribe has jurisdiction over the Miami Reserve; and (3) a court order that Defendants shall not take more than one hundred eighty days to process future applications for transfers of interests in the Miami Reserve to the Miami Tribe.

As the equitable relief sought in the motion for summary judgment has not been previously pled in the Complaint and significantly expands the scope of the relief sought, the Court cannot grant any of the relief sought by Miami Tribe, even if it were to find that Miami Tribe had established a breach of trust by Defendants. Miami Tribe's Motion for Summary Judgment on Count II, therefore,

will be denied without prejudice.

In response to Defendants' argument that the equitable relief requested has not been previously pled, the Miami Tribe asserts a renewed request for leave to file an amended complaint to conform to the evidence presented if the Court finds the equitable relief requested in its motion for summary judgment is deemed outside the complaint. Miami Tribe previously filed a Motion For Leave Of Court To File Amended Complaint (doc. 41) on December 16, 2005. That motion sought leave to amend Count II of the Complaint to conform to the evidence and to more concisely describe its requested equitable relief. By Memorandum And Order dated May 22, 2006 (doc. 73), the Court deemed the motion to be moot based upon its determination that Counts II and III should be stayed pending the BIA's disposition of the APA remand proceedings in Count I.

The Court-imposed stay of Counts II and III has now expired upon the October 23, 2007 post-remand decision approving Smith's application for transfer. In light of this development, the Court finds that Miami Tribe's renewed request for leave to file an amended complaint to be well taken. Where Miami Tribe seeks to expand the scope of relief sought in its original Complaint, it would violate fundamental fairness and the purpose of notice pleading for the Court to take up the motion for summary judgment without a formal amendment to the pleadings. Allowing Miami Tribe the opportunity to file a motion for leave to amend its complaint will serve the policy of giving Defendants fair notice of the equitable relief sought and the grounds for the breach of trust claim. This will give Defendants an opportunity to respond to the expanded scope of equitable relief sought and its corresponding allegations.

**IT IS THEREFORE ORDERED THAT** Plaintiff Miami Tribe's Motion for Summary Judgment on Count II (doc. 103) is denied without prejudice. Plaintiff Miami Tribe is hereby

3

granted leave to file its motion for leave to amend the complaint.  Such motion shall be filed within

**twenty (20) days of the date of this Order**.

**IT IS SO ORDERED**.

Dated at Kansas City, Kansas on this 5th day of September, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel

4